# E. F. Keebler, Defendant in Error, v. D. F. Crilly, Plain= tiff in Error.

## Gen. No. 16,286.

APPEALS AND ERRORS—*when finding by court not disturbed.* A finding by the court is given the same effect as the verdict of a jury and such finding will not be set aside as against the evidence unless clearly and manifestly so.

Error to the Municipal Court of Chicago; the HON. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 20, 1912.

CASSODAY, BUTLER, LAMB & FOSTER, for plaintiff in error; STEPHEN A. FOSTER, of counsel.

FELSENTHAL, FOREMAN & BECKWITH, for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Defendant in error, Keebler, brought an action of the fourth class in the Municipal Court of Chicago against plaintiff in error, Crilly, to recover a commission alleged to have been .earned by Keebler in furnishing a prospective tenant for certain property owned by Crilly. The specific claim was for five per cent. commission upon a year's rental amounting to $7,200, of certain ground floor store premises located at 79 East Monroe street, which is at the northeast corner of Dearborn street, in Chicago. The case was tried without a jury and the court found in favor of the plaintiff and entered judgment against Crilly for $360, to reverse which this case is before us upon a writ of error.

Keebler was conducting a real estate broker's office,

and sometime in January, 1909, had an interview with Crilly with respect to the property, at which time it seems to have been agreed that if Keebler would obtain a tenant who would pay $7,200 per year for the premises and who was acceptable to Crilly, he should be entitled to the usual commission, which the evidence establishes at five per cent. Keebler obtained a prospective tenant in one Weeghman, who desired to occupy the store for the purpose of operating a restaurant therein. In another portion (two doors west) of the building owned by Crilly, there was then a restaurant being operated by one George Knab, and on behalf of Crilly it was contended that he stated to Keebler that he would not lease the premises for any business objectionable to Knab; that when Crilly learned that Weeghman desired to use the premises for a restaurant, he ascertained that Knab was opposed to his allowing another restaurant in the same building, and Crilly so notified Keebler. Crilly also contended that Weeghman himself declined to become a tenant when he learned that Knab objected. It further appeared from the evidence that Knab himself subsequently rented the premises in question from Crilly.

Keebler's contention was that Crilly told him in the first interview that he would see Knab to ascertain if the latter had any objection to another restaurant coming in, and that, in a few days and before Keebler saw Weeghman, he went back and was told by Crilly that he had seen Knab and that Knab had no objection. Keebler further contended that Weeghman was ready and willing to rent the premises and that this willingness was shown by his actual tender of a month's rent and a demand for his lease. Accordingly, Keebler contended that he had produced a prospective tenant, ready, able and willing to complete the

transaction, and that he thereby became entitled to his commission.

In their brief, counsel for plaintiff in error concede that the real controversy here is whether the defendant in error, Keebler, by the tender of Weeghman as a prospective tenant, became entitled to his commission, as a broker. Their contention in the court below was, as it is in this court, that the tenant should be acceptable to the plaintiff in error, and be ready, willing and able to enter into a contract for leasing of the premises in question upon the terms imposed, which involved the assent of one Knab to the tenancy by Weeghman, and that these conditions were not met. Defendant in error contended in the court below, as he does in this court, that Weeghman *was* ready, able and willing to take the property upon the terms proposed.

In this controversy, essentially one of fact, the court below having before it the witnesses in person and having heard their testimony, found against the plaintiff in error, and such finding by the court is entitled to at least as much consideration as would be due to a verdict of a jury in a similar case. The controversy, therefore, is narrowed down to the one question whether this court, upon a review of the testimony, shall conclude that the finding of the court below is clearly against the weight of the evidence, and unless we reach the conclusion that it is, it is our duty, sitting as an appellate court, to affirm the judgment, regardless of whether or not we would ourselves have reached the same conclusion upon the evidence as was reached by the trial court.

We have carefully examined the testimony heard in the court below, and, while it cannot be said to be absolutely clear and convincing in favor of the defendant in error, yet we cannot say that the finding of the court below is clearly against the weight of the evi-

dence. The judgment will, therefore, be affirmed.

*Judgment affirmed.*